**David SCOGIN, Appellant,**

v.

**CENTURY FITNESS, INC., Appellee.**

No. 84–2636.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 31, 1985.

Decided Dec. 18, 1985.

Erwin L. Davis, Fayetteville, Ark., for appellant.

Walter B. Cox, Fayetteville, Ark., for appellee.

Before ARNOLD, Circuit Judge, and BRIGHT and HENLEY, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

David Scogin brought suit against Century Fitness, Inc. (Century), alleging that he was assaulted and battered or negligently struck and injured by Tony West, a Century employee, acting within the scope of his employment. The parties tried the case in federal district court before a six-person jury, which returned a special verdict in a bifurcated submission. The jury determined that Century's employee did not assault Scogin but that Scogin's injury and damage resulted from his assumption of the risk together with the negligence of Century's employee. In addition, the jury attributed 55% of the fault to Scogin and 45% of the fault to Century. Thereafter, the district court[1] under Arkansas' comparative negligence statute[2] dismissed the

---

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

2. The law in Arkansas is that:

If the fault chargeable to a party claiming damages is of less degree than the fault chargeable to the party or parties from whom the claiming party seeks to recover damages, then the claiming party is entitled to recover the amount of his damages after they have been diminished in proportion to the degree of his own fault. If the fault chargeable to a party claiming damages is equal to or greater in degree than any fault chargeable to the party or parties from whom the claiming party seeks to recover damages, then the claiming party is not entitled to recover such damages.

Ark.Stat.Ann. § 27–1765 (1979).

action. It subsequently denied Scogin's motion to examine jurors or obtain affidavits in order to establish that the jury rendered a quotient verdict and his motion for a new trial. In this appeal from the adverse judgment, Scogin argues that the district court erred in rejecting his post-trial motion for a new trial. He contends that the jury rendered an impermissible quotient verdict, that the jury was confused by the instructions and interrogatories and therefore rendered a verdict that was not its true intent, and that the evidence was insufficient to support the jury's verdict. We reject Scogin's contentions and affirm.

## I. BACKGROUND.

In April 1983, David Scogin began taking tae-kwon-do[3] lessons from a recreational center in Fayetteville, Arkansas operated by Century Fitness. While attending a group lesson on December 1, 1983, and while sparring with the instructor, Tony West, Scogin received a kick to his head which fractured his cheekbone.

Thereafter, he brought this suit in federal district court, jurisdiction resting on diversity of citizenship and requisite amount in controversy, against Century Fitness alleging alternatively that he was assaulted and battered or negligently struck and injured by West, a Century Fitness employee.[4]

The principal issues presented on appeal surfaced after the jury had returned its verdict finding that Scogin was more at fault for his injuries than Century Fitness. After the trial judge stated to the jury that it had performed its duty and could be discharged, one of the jurors, who was apparently surprised by this advice, inquired whether another paper (probably a verdict form) needed to be signed by the jurors. The district court answered the inquiry in the negative. At that point in the proceedings, Scogin's counsel asked to voir dire the jury at a future time concerning possible confusion about the attribution of fault interrogatory. The district court denied the request.

Scogin subsequently moved to examine or obtain affidavits from jurors concerning the means by which the jury had apportioned fault between the parties. He also moved for a new trial on the grounds that the jury rendered an impermissible quotient verdict, that the jury was confused by the instructions and interrogatories and therefore rendered a verdict that was not its true intent, and that the evidence was insufficient to support the jury's verdict. Scogin supported the motions by affidavits from a court bystander and from one of his attorneys. Following the denial of his post-trial motions, Scogin brought this appeal from the adverse judgment.

## II. DISCUSSION.

### A. Quotient Verdict.

Scogin first argues that he should have been granted a new trial because the jury rendered an impermissible quotient verdict. Scogin relies on an affidavit from a court bystander, Charles A. McDaris, to support his argument. McDaris states in his affidavit that immediately following the trial Roger Burke, the jury foreperson, told him that the percentage figures attributing fault to each of the parties had been determined by a quotient method, that is by adding up percentage figures given by each juror and then striking an average for the fault attributable to Scogin and to Century's employee, West.

It is well established that a juror may not impeach his or her verdict, with the exception that a juror may testify about extraneous prejudicial information or improper influence in the jury room. *McDonald v. Pless,* 238 U.S. 264, 269, 35 S.Ct. 783, 785, 59 L.Ed. 1300 (1915); *United States v. Eagle,* 539 F.2d 1166, 1169–70 (8th Cir.1976), *cert. denied,* 429 U.S. 1110, 97 S.Ct. 1146,

---

**3.** Tae-kwon-do is a martial art in which participants use hands (tae), feet (kwon), in a standing and kicking way (do) to overcome an opponent.

**4.** Century Fitness does not dispute the agency relationship between it and Tony West.

51 L.Ed.2d 563 (1977); Fed.R.Evid. 606(b).[5] In *McDonald,* the Supreme Court upheld the trial court's refusal to allow a juror to testify regarding the jury's alleged use of a quotient verdict procedure. Justice Lamar, writing for the Court, explained:

> But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation— to the destruction of all frankness and freedom of discussion and conference.

*McDonald v. Pless,* 238 U.S. at 267–68, 35 S.Ct. at 784. The Eighth Circuit has applied the rule enunciated in *McDonald* to hold that the affidavits of jurors may not be used to show a quotient verdict. *Barry*

*v. Legler,* 39 F.2d 297, 302 (8th Cir.1930); *Manhattan Oil Co. v. Mosby,* 72 F.2d 840, 847 (8th Cir.1934).

The rule against a juror impeaching his or her verdict is now stated in Fed.R.Evid. 606(b), which reads:

> *Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations* or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. *Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.*

Fed.R.Evid. 606(b) (emphasis added).[6]

■ The present case does not concern extraneous prejudicial information or out-

---

**5.** Federal decisions have focused upon insulating jury deliberations, including discussions, statements, mental and emotional reactions, votes, and any other feature of the process. Thus testimony or affidavits of jurors have been held incompetent to show a quotient verdict, *McDonald v. Pless,* 238 U.S. 264, 269, 35 S.Ct. 783, 785, 59 L.Ed. 1300 (1915); a compromise verdict, *Hyde v. United States,* 225 U.S. 347, 382–84, 32 S.Ct. 793, 807–09, 56 L.Ed. 1114 (1912); speculation as to insurance coverage, *Holden v. Porter,* 405 F.2d 878, 879 (10th Cir. 1969), *Farmers Co-op. Elevator Ass'n v. Strand,* 382 F.2d 224, 230 (8th Cir.), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967); misinterpretations of instructions, *Farmers Co-op. Elev. Ass'n v. Strand, supra;* mistake in returning a verdict, *United States v. Chereton,* 309 F.2d 197, 200 (6th Cir.1962), *cert. denied,* 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767 (1963); interpretation of guilty plea by one defendant as implicating others, *United States v. Crosby,* 294 F.2d 928, 949 (2d Cir.1961), *cert. denied,* 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962). The policy does not, however, foreclose testimony by jurors as to prejudicial extraneous information or influences injected into or brought to bear upon the deliberative process.

Thus a juror is recognized as competent to testify to statements by the bailiff or the introduction of a prejudicial newspaper account into the jury room, *Mattox v. United States,* 146 U.S. 140, 148–49, 13 S.Ct. 50, 52–53, 36 L.Ed. 917 (1892). *See also United States v. Delaney,* 732 F.2d 639, 643, n. 6 (8th Cir.1984); *Government of Virgin Islands v. Gereau,* 523 F.2d 140, 148–50 (3d Cir.1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1119, 47 L.Ed.2d 323 (1976).

**6.** The draft of Fed.R.Evid. 606(b) passed by the House of Representatives would have permitted juror testimony about objective matters occurring during the jury's deliberation, such as the reaching of a quotient verdict. H.R.Rep. No. 93–650, 93rd Cong., 2nd Sess. (1974), *reprinted in* 1974 U.S. Code Cong. & Ad.News 7051, 7075, 7083–84. The Senate version, however, which was approved by the Joint Conference Committee, expressly denounced such a practice. S.Rep. No. 93–1277, 93rd Cong., 2nd Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Ad. News 7051, 7060; Conf.Rep. No. 93–1597, 93rd Cong., 2nd Sess. (1974), *reprinted in* 1974 U.S. Code Cong. & Ad.News 7098, 7102.

side influence being brought to bear upon any juror. Therefore, neither statements or affidavits from jurors themselves, nor McDaris' affidavit may be used to impeach the jury verdict. Because the record is devoid of competent proof that the jury reached its verdict by a quotient method, the district court did not err in denying Scogin's motion for a new trial on that ground.

### B. Jury Confusion.

■ Scogin also argues that the district court should have granted his motion for a new trial because the jurors were confused by the instructions and interrogatories and, consequently, the verdict did not reflect their true intent. Scogin relies on the affidavit of Erwin L. Davis, one of his attorneys, to support this argument. Davis' affidavit states that after the jury had been discharged some of the members expressed dismay at the verdict because they had thought that Scogin would recover a portion of his damages.

Scogin's argument regarding jury confusion fails for reasons similar to those discussed above regarding the reaching of a quotient verdict. We have consistently held that the testimony or affidavits of jurors are incompetent to show that jury instructions were misinterpreted. In *Chicago, Rock Island & Pacific Railroad v. Speth*, 404 F.2d 291, 295 (8th Cir.1968), this court stated that "[i]t is well settled that a jury's misunderstanding of testimony, misapprehension of law, errors in computation or improper methods of computation, unsound reasoning or other improper motives cannot be used to impeach a verdict. These matters all inhere in the verdict itself." *See also Farmers Co-operative Elevator Association v. Strand*, 382 F.2d 224, 230 (8th Cir.1967); Fed.R.Evid. 606(b). Accordingly, we hold that the district court did not err in denying Scogin's motion for a new trial on the basis of jury confusion.[7]

### C. Insufficient Evidence.

■ Finally, Scogin contends that there was insufficient evidence of fault on his part to support the jury verdict. In ruling on a motion for a new trial, the district court, after reviewing all of the evidence, must exercise its independent judgment in determining whether the verdict was against the clear weight of the evidence. *Firemen's Fund Insurance Co. v. Aalco Wrecking Co.*, 466 F.2d 179, 186 (8th Cir. 1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). We review the district court's ruling on the motion for a new trial under an abuse of discretion standard, and do not upset its ruling absent a strong showing of abuse. *Moran v. Vermeer Manufacturing Co.*, 742 F.2d 456, 457 (8th Cir.1984); *Lincoln Carpet Mills,*

---

**7.** The district court submitted the issues to the jury in separate stages. First, the court asked the jury to decide two questions: whether Century through its agent Tony West, assaulted Scogin and/or whether Century negligently injured Scogin. The jury answered the assault issue negatively, and the negligence issue affirmatively. Second, and after the jury returned, the court submitted two more interrogatories to the jury, one on whether Scogin assumed the risk (the jury said: "Yes") and an additional interrogatory requesting the jury to attribute fault on a percentage basis to each party, to which, as we have noted, the jury answered 55% attributable to plaintiff and 45% attributable to the defendant. Had the jury attributed greater fault to the defendant the court evidently planned another round of deliberation for assessment of damages.

While neither party objected to the piecemeal submission and the matter is not before us as a matter of appellate review, the writer of this opinion observes that such submission hardly seems advisable in a relatively straightforward one-day trial of this kind. One may suspect that there is at least a possibility of jury confusion where the judge instructs fully on a number of issues, and then sends the jury out to decide the interrogatories piecemeal with damages to be fixed, if necessary, only in a final separate submission.

Moreover, this procedure varies somewhat from the language of Fed.R.Civ.P. 49(a) which specifies that "[t]he court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact * * * [and] shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue."

*Inc. v. Singer Co.,* 549 F.2d 80, 81 (8th Cir.1977).

In this case, there is sufficient evidence to support the jury's verdict. Accordingly, no abuse of discretion is shown.

## III. CONCLUSION.

For the foregoing reasons, we affirm the judgment of the district court.