**SEVEN GABLES CORPORATION, Plaintiff,**

v.

**STERLING RECREATION ORGANIZATION CO., et al., Defendants.**

**No. C–84–1057R.**

United States District Court, W.D. Washington.

May 16, 1988.

ORDER RE MOTIONS FOR: ATTORNEY'S FEES/COSTS/OFFSETS TO JURY AWARD/PREJUDGMENT INTEREST/AND INJUNCTION

CONTI, District Judge.

On November 3, 1987, after a lengthy trial on the merits, the jury returned a verdict in this matter holding defendants Sterling Recreation Organization Co. ("SRO"), Frederic A. Danz ("Danz") and Robert M. Hazard ("Hazard") (collectively referred to as the "defendants") liable. The jury awarded plaintiff damages on plaintiff's claims under Sections 1 and 2 of the Sherman Act and Section .020 of the Washington Unfair Business Practices–Consumer Protection Act.

The matter is currently before the court on plaintiff's motions for an award of attorneys fees and costs, for an offset to the damages award, for prejudgment interest and for an injunction. On April 18, 1988, the court held a hearing on these motions. Plaintiff was represented by Thomas L. Boeder, Esq. and Richard L. Baum, Esq. of the law firm of Perkins Coie. Defendants were represented by Thomas J. Greenan, Esq. and James E. Hurt, Esq. of the law firm of Ferguson & Burdell. The court has reviewed the evidence submitted by the parties and the authorities cited in the memoranda, and has considered the oral arguments of counsel presented at the hearing. The court now issues its decision on the motions.

### I. MOTION FOR AN AWARD OF ATTORNEY'S FEES

Plaintiff moves this court for an award of attorney's fees in this action pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15(a), and RCW 19.86.090. Plaintiff requests an award of $3,180,076.97 as attorney's fees, and also seeks a fee enhancement. Plaintiff argues that the number of hours claimed by its attorneys is reasonable, and that the hourly rates charged by its attorneys are reasonable. Plaintiff also argues that the court should enhance an award of attorney's fees with a multiplier.

Perkins Coie, William R. Bishin, Seattle, Wash., for plaintiff.

Thomas J. Greenan, James E. Hurt, Ferguson & Burdell, Seattle, Wash., for defendants.

Defendants oppose plaintiff's motion. Defendants argue that portions of plaintiff's requested fees are not recoverable. Defendants also argue that plaintiff's claimed hours are excessive and the rates are too high.

Section 4 of the Clayton Act provides, in relevant part, that:

> any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States ... and shall recover threefold the damages by him sustained and the cost of suit, including a reasonable attorney's fee.

15 U.S.C. § 15(a). In order to determine what constitutes a reasonable attorney's fee, the court will engage in a two part inquiry. First, the court will determine the "lodestar" amount, that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Second, the court will determine whether there should be an upward adjustment of the lodestar, known as a "multiplier." *See Pennsylvania v. Delaware Valley Citizens' Council,* — U.S. —, — - —, 107 S.Ct. 3078, 3080–3082, 97 L.Ed.2d 585, 590–592 (1987); *Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp.,* 540 F.2d 102 (3d Cir.1976); *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161 (3d Cir.1973).

The court's inquiry will be guided by the considerations enumerated in the Ninth Circuit's decision in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975). In *Kerr,* in the Ninth Circuit held that the following twelve factors should be considered in awarding attorney's fees: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases. 526 F.2d at 69–70. The court will consider these factors in determining the lodestar and multiplier amounts.

The court first addresses one of defendants' preliminary objections to plaintiff's motion. Defendants argue that before the reasonableness of the plaintiff's fee request can be analyzed, the court should review the contingency fee contract between plaintiff and its attorneys. Defendants maintain this will prevent a windfall to a plaintiff who could keep a large fee award for itself if it is only contractually obligated to pay some lesser amount to its attorneys. Plaintiff has provided a copy of its fee contract for this court. The court has reviewed this contract and finds that there is no danger that plaintiff will receive a windfall in the event of a fee award.

## A. *The Lodestar*

In its fee request, plaintiff seeks reimbursement for out-of-pocket expenses involved in the litigation and fees paid to expert witnesses. Defendants maintain that these requests are inappropriate. The court will first address the issue of whether these expenses and fees may properly be compensable as "attorney's fees." The court discusses plaintiff's request for statutory costs later in this order. At present the court is concerned with the amounts and expenses claimed by plaintiff that should not be covered under a request for statutory costs.

The court is persuaded by the reasoning expressed in *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.,* 663 F.Supp. 1360, 1457 (D.Kan.1987), that "[e]xpenses not normally itemized and billed in addition to the hourly rate should be included in a fee allowance if reasonable in amount." Plaintiff has properly documented its out-of-pocket expenses, and has, at the court's request, separated those expenses it requested in the alternative as statutory costs from those that it seeks as attorney's fees. The court awards plaintiff $95,398.74 in out-of-pocket expenses as set forth in Exhibit A to the Declaration of Richard L.

Baum Re: Seven Gables Attorney Fee Request.

▮ The court, however, does not accept the argument that expert witness fees are compensable as attorney's fees. This issue is controlled by the United States Supreme Court's decision in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* — U.S. —, 107 S.Ct. 2494, 96 L.Ed 2d 385 (1987). In *Crawford* the Supreme Court held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." At —, 107 S.Ct. at 2499, 96 L.Ed 2d at 393. The court does not interpret the provisions of the Clayton Act providing for recovery of attorney's fees as explicit statutory authorization for compensating plaintiff for fees paid to experts beyond that authorized by the cost statutes. The court therefore denies plaintiff's request for $121,024.35 in expert witness fees.

In order to establish the lodestar, the court must determine whether the hours claimed were reasonably expended. Plaintiff has submitted extensive documentation in support of its fee request. Plaintiff has submitted affidavits which establish the number of hours expended by its attorneys in this litigation. Defendants do not attack the veracity of the claimed hours. Rather, defendants argue that the number of attorney's hours expended, as well as the claimed rates, are unreasonable.

Plaintiff seeks compensation for a total of 26,966.68 hours of work performed by attorneys (both partners and associates of Perkins Coie, as well as associated counsel), legal assistants, clerks, computer staff and temporary staff. Plaintiff has provided adequate descriptions of the relevant time entries. The court has no reason to doubt the accuracy of plaintiff's time records. The court also finds these hours properly compensable as attorney's fees.

The court has evaluated the amount of time expended in this case in light of the *Kerr* factors. This case involved complex antitrust issues and required experienced antitrust counsel to prosecute the claims. For proof, plaintiff had to rely on complex economic analyses and computer generated statistics. Plaintiff had to support its case with the testimony of experts in the movie industry as well as experts in antitrust economics. Plaintiff was opposed by able and experienced antitrust counsel, who vigorously contested every claim at every step of the litigation. In light of all the circumstances in this case, the court finds that plaintiff achieved its primary litigation objectives in a reasonable manner.

▮ Defendants have argued that plaintiff over staffed and over litigated this action. The court shares some of the defendants' concern. The number of attorneys and staff members that plaintiff dedicated to this action (16 attorneys, 6 legal assistants, 7 clerks, 4 computer staff members and various temporary clerks) as well as the number of claimed hours (26,966.68) is staggering. The court is mindful of its task to award fees in such a manner as "to reward the efficient litigator and to withold compensation for excessive, duplicative, and unnecessary hours." Ninth Circuit Committee on Court Awarded Attorney's Fees, Committee Finding No. 10. However, upon review of all of the relevant *Kerr* factors, and with particular attention to the results obtained, the court is of the opinion that the time and effort spent was reasonable.

Plaintiff's original attorney's fees request contained hourly rates based on the current value of the services. Defendants argue that the current rates represent a significant increase over plaintiff's attorney's historical rates, and are an unreasonable basis for any fee award. Defendants argue that the relevant hourly rates in this matter should be the prevailing rates among Seattle attorneys.

At the April 18, 1988 hearing, the court requested that plaintiff provide a breakdown of the attorney's hours claimed listing both the historical rates and the current rates. Plaintiff has provided this information to the court in exhibits attached to the Declaration of Sabra P. McIntosh Re: Seven Gables' Attorney's Fee Request.

▮ While there is some authority for awarding attorney's fees based on their current value (*see Delaware Valley, supra,*

— U.S. at ——, 107 S.Ct. at 3082, 97 L.Ed 2d at 592), the court finds that the historical rates are the appropriate basis for determining the lodestar amount in the circumstances of this case. The court is not persuaded that the plaintiff should be compensated at the prevailing rates for Seattle attorneys. Nor does the court see, from the meager evidence placed before it, how those rates would differ significantly from those charged by plaintiff's attorneys. The court has reviewed the historical rates charged plaintiff's attorneys and finds they are reasonable in relation to the services performed. The court recognizes that plaintiff should be compensated for the delay in obtaining these fees, and therefore the court grants an award with simple interest.

The following table represents the court's determination of the proper lodestar in this case:

| Seven Gables Fees Summary | Name | Total Hours | Historical Value | Historical Value With Simple Interest |
|---|---|---|---|---|
| Partners | Boeder | 3366.70 | $632,743.60 | $699,376.40 |
| | Holtan | 907.75 | 166,597.50 | 187,719.50 |
| | Burman | 1811.60 | 321,543.70 | 354,087.88 |
| | Reingold | 22.25 | 3,916.00 | 4,332.23 |
| | Chellis | 891.25 | 104,683.50 | 127,197.69 |
| Associates | Baum | 2952.50 | 368,489.80 | 397,126.76 |
| | Barley | 1115.30 | 87,964.40 | 105,843.88 |
| | Bowers | 77.75 | 6,375.50 | 6,854.46 |
| | Callahan | 86.35 | 7,685.15 | 8,027.02 |
| | Freedman | 78.00 | 7,955.00 | 8,320.44 |
| | Kramer | 47.90 | 3,747.40 | 3,947.19 |
| | Leiner | 265.30 | 18,571.00 | 19,077.95 |
| | Mohr | 226.65 | 17,170.70 | 18,358.90 |
| | Swanson | 235.75 | 17,686.00 | 22,816.40 |
| | Woodliff | 135.80 | 10,895.35 | 12,328.63 |
| Summer Clerk | Daspin | 73.00 | 3,431.00 | 3,841.35 |
| Legal Assistants | McIntosh | 4487.53 | 305,065.52 | 343,453.67 |
| | Cain | 150.25 | 8,331.75 | 9,369.52 |
| | Wiley | 113.00 | 5,870.00 | 6,146.02 |
| | Benson | 126.70 | 5,701.50 | 6,171.61 |
| | Ledford | 308.25 | 13,071.75 | 13,914.70 |
| | Tillson | 3113.00 | 58,020.75 | 63,692.06 |
| Clerks | Teller | 2003.75 | 59,565.75 | 63,522.20 |
| | Benske | 1092.20 | 29,894.15 | 35,785.63 |
| | Dickerson | 371.25 | 10,820.25 | 11,486.95 |
| | Lucey | 1495.50 | 42,055.50 | 47,890.32 |
| | Savage | 182.25 | 4,920.75 | 6,202.83 |
| | Phillips | 257.85 | 4,641.30 | 4,891.65 |
| Computer Staff | Bennett | 2.50 | 212.50 | 256.65 |
| | King | 18.50 | 962.00 | 1,055.92 |
| | Owen–Craft | 225.75 | 11,851.50 | 12,751.35 |
| | Wilson | 82.25 | 4,112.50 | 4,466.79 |

| Seven Gables Fees Summary | Name | Total Hours | Historical Value | Historical Value With Simple Interest |
|---|---|---|---|---|
| Perkins Coie Fees Total | | 26324.38 | $2,344.553.07 | $2,610,314.54 |
| Associated Counsel Fees Total | Bishin | 642.30 | 90,258.50 | 106,875.94 |
| Temporary Clerks | | | 118,472.16 | 118,472.16 |
| Other Out-of-Pocket Expenses | | | 95,398.74 | 95,398.74 |
| Total Hours and Fees: | | 26966.68 | $2,648,682.47 | $2,931,061.38 |

The court therefore determines that the proper lodestar amount in this case is $2,931,061.38.

### B. *Multiplier*

Plaintiff has requested that this court increase the fee award by adding a multiplier to the lodestar amount. The Supreme Court has explained, in the context of civil rights litigation, that

> [w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

*Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40, 52 (1983). One often cited purpose for a fee enhancement is the compensation of counsel for the risk of not being paid. *See Delaware Valley, supra,* —— U.S. at —— - ——, 107 S.Ct. at 3081–3082, 97 L.Ed.2d at 591–600 (1987) [and cases cited therein]. The burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant. *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891, 901 (1984).

In the present case the court is not persuaded that a multiplier is necessary to ensure plaintiff an award of reasonable attorney's fees. The court has endeavored to fully compensate plaintiff's attorneys. Plaintiff has been awarded, in the lodestar amount, the full amount of legally recoverable fees. Those fees are enormous, and are greater than the amount of the jury verdict (prior to trebling). The court has further compensated plaintiff for the delay in obtaining those fees. While plaintiff is the prevailing party in this action, it did not succeed to the full extent of its damage claims. The court has not reduced the lodestar because plaintiff was not fully successful. Nor does the court feel the results obtained were sufficiently "excellent" to justify an enhancement of an already enormous award. The court is not persuaded that plaintiff needs to be further compensated for the risks of taking the case, particularly in light of the fact that plaintiff received substantial pre-trial settlements from other defendants. The court finds that the lodestar amount fully compensates plaintiff and therefore denies the request for a multiplier.

In accordance with the foregoing, the court grants plaintiff an award of attorney's fees in the amount of $2,931,061.38.

### II. MOTION FOR AN AWARD OF COSTS

Plaintiff has moved this court for an award of its costs in bringing this lawsuit, pursuant to Section 4 of the Clayton Act. Defendants oppose plaintiff's motion on two grounds: (1) they argue that plaintiff has waived its right to recover costs because of procedural errors, and (2) they argue some of the costs sought are excessive or otherwise inappropriate.

Section 4 of the Clayton Act provides that a prevailing plaintiff in a private antitrust action shall recover "the cost of suit, including a reasonable attorney's fee."

15 U.S.C. § 15(a). Under this section, an award of costs to a successful antitrust plaintiff is mandatory. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 261, 95 S.Ct. 1612, 1623, 44 L.Ed.2d 141, 155 (1975).

The Ninth Circuit has held that the only costs recoverable by a successful plaintiff in a private antitrust suit are those which are normally allowable under 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d). *Twentieth Century Fox Film Corp. v. Goldwyn,* 328 F.2d 190, 224 (9th Cir.), *cert. denied,* 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964). The Federal Rules of Civil Procedure provide, in relevant part

(d) *Costs.* Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed.R.Civ.P. 54(d). *See also* Local Rules for the United States District Court for the Western District of Washington, CR 54.

28 U.S.C. § 1920 provides

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The time limits prescribed in Fed.R. Civ.P. 54(d) and the corresponding Local Rule do not govern this action. Rule 54(d) controls only when there is no express statutory provision for costs. In this case Section 4 of the Clayton Act provides the statutory authority for this motion. Furthermore the court itself established that it would determine the amount of costs at a later date, and accepted the parties stipulated briefing schedule. Therefore the court rejects defendants' argument that plaintiff's motion is procedurally improper.

Plaintiff originally presented a summary of costs to the court which included expenses claimed as part of plaintiff's request for attorney's fees. Plaintiff sought an award of these costs in the event the court did not award the costs as part of reasonable attorney's fees. At the court's request, plaintiff has now submitted a summary of costs which omits those fees sought as part of an attorney's fee award.

The court has thoroughly reviewed this new cost summary as well as the supporting documentation. The court finds that plaintiff's request for reporter fees is proper under § 1920(2). The court finds the request for witness fees proper under § 1920(3) and 28 U.S.C. § 1821. The court also finds that the request for exemplification costs, though large, is proper under 28 U.S.C. § 1920(4) and the standards enunciated in *In Re Air Crash Disaster,* 687 F.2d 626, 631 (2d Cir.1982).

The court therefore grants plaintiff's motion to the following extent:

| | |
|---|---|
| Clerk and Marshal Fees | $ 99.00 |
| Court Reporter Fees | $ 45,015.30 |
| Witness Fees | $ 4,924.18 |
| Exemplification Fees | $ 18,476.38 |
| Photocopying Fees | $ 50,453.19 |
| Docket Fees | $ 20.00 |

| | |
|---|---|
| TOTAL COSTS | $118,988.05 |

In accordance with the foregoing, the court awards plaintiff a total of $118,988.05 in costs.

## III. OFFSETS TO JURY AWARD

Prior to the trial in this action, plaintiff received settlement amounts from other defendants in this action. It is undisputed

that some portion of the settlement amounts should be offset against the treble damages award in this case. Plaintiff argues that because each of the settlements it entered into compromised claims that went beyond the instant action's damage period, not all settlement amounts are proper offsets against the treble damage award. Plaintiff argues that the offset should be determined by applying to each settlement amount a percentage figure that is equivalent to the percentage that the damages period bears to the period of claims compromised by each settlement.

Defendants oppose any apportionment of the offset. Defendants argue that plaintiff's action includes state law claims and plaintiff has failed to comply with a state statute [RCW 4.22.060] designed to control the effect of settlements upon non-settling parties. Defendants argue that it is now impossible for this court to approve plaintiff's plan for apportioning an offset for settlements. Defendants further argue that as to plaintiff's federal claims, the doctrine of res judicata would prohibit plaintiff from engaging in new litigation with any of the defendants for any damage attributable to the period prior to trial. Defendants contend that plaintiff's federal judgment should be reduced by the full amount of the settlements.

■■■ Where collective antitrust liability is found, it is proper to deduct the sums plaintiff has received from settling defendants from the trebled damage award. *Flintkote Co. v. Lysfjord,* 246 F.2d 368, 398 (9th Cir.1957). In a federal antitrust law action, a defendant, against whom civil damages, costs, and attorney's fees have been assessed, has no right of contribution, under federal statutory or common law, from other participants in the unlawful conspiracy on which recovery was based. *Texas Industries v. Radcliff Materials,* 451 U.S. 630, 646, 101 S.Ct. 2061, 2070, 68 L.Ed.2d 500, 512 (1981).

The court rejects defendants claim that plaintiff settlements are improper under Washington state law. The court finds that the state statute dealing with settlement inapplicable to the instant case, there being no right of contribution under federal antitrust law.

Plaintiff has not disclosed the settlement agreements to the defendants because they contain confidentiality provisions prohibiting disclosure without agreement of the settling parties. Plaintiff has, however, received approval to state that the entire amount of all settlements obtained in the case is $1,435,000.00. Out of this amount plaintiff argues $864,564.50 should be offset against the trebled damages amount.

Plaintiff has provided the court with the settlement agreements under seal, and the court has reviewed them *in camera.* Absent disputed facts, the construction of a contract is a matter of law for the court to decide. *Jones Associates v. Eastside Properties, Inc.,* 41 Wash.App. 462, 704 P.2d 681, 684 (1985). The court rejects plaintiff's argument that the settlement amounts should be apportioned. The agreements reference the compromise of claims asserted in this action; there is no reference to a specified damage period. The court therefore finds that the full amount of all settlements, $1,435,000.00, should be offset against the trebled award of $6,600,000.00. The court need not address the issue of whether a subsequent action by plaintiff would be barred under the principles of res judicata.

In accordance with the foregoing, the court orders that the court's judgment of November 4, 1987, as amended, be further amended to provide for judgment in favor of plaintiff and against defendants in the amount of $5,165,000.00, with interest to run on that amount from November 4, 1987, forward at a rate of 6.90% as provided by 28 U.S.C. § 1961(a).

## IV. MOTION FOR AN AWARD OF PREJUDGMENT INTEREST

Plaintiff moves this court for an award of prejudgment interest on the actual damages found by the jury, for the period from August 10, 1984, the date of service of plaintiff's complaint, until November 4, 1987, the date of judgment. Plaintiff ar-

gues such an award is just in this case because defendants engaged in conduct designed to delay the litigation and increase the cost thereof.

Defendants oppose plaintiff's motion. Defendants argue that plaintiff has not made an adequate showing that defendants' conduct falls within the authorized grounds for such an award. Defendants also argue that there is a presumption that the jury has already awarded prejudgment interest, and that plaintiff has introduced no evidence to rebut this presumption. Defendants also submit the declaration of the forewoman of the jury, wherein she asserts that the jury has already awarded plaintiff prejudgment interest. Plaintiff in turn moves to strike this declaration as inadmissible.

■ The court first addresses the issue of admissibility of the forewoman's declaration. The Federal Rules of Evidence provide, in relevant part:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror be precluded from testifying be received for these purposes.

Fed.R.Evid. 606(b). Defendants have submitted a declaration in this case entitled "Declaration of Nancy Ellen Garlock Re Prejudgment Interest." In this declaration, the forewoman of the jury in this action states that the jury included prejudgment interest in their computation of damages and that "[i]f the court were to award any prejudgment interest separate and apart from the jury verdict, this would be a duplication of amounts already contained with the verdict for prejudgment interest." Declaration of Garlock, p. 2, attached as Exhibit A to SRO Defendant's Memorandum in Opposition to Plaintiff's Motion for Pre–Judgment Interest. This declaration does not concern extraneous prejudicial information or outside influence being brought to bear upon any juror. The declaration is therefore inadmissible under Fed.R.Evid. 606(b), and the court grants plaintiff's motion to strike. *See Scogin v. Century Fitness, Inc.,* 780 F.2d 1316, 1318–1320 (8th Cir.1985).

Section 4 of the Clayton Act, as amended by the Antitrust Improvements Act of 1980, provides, in relevant part:

(a) Amount of recovery; prejudgment interest

... The court may award under this section, pursuant to a motion by such person promptly made, simple interest on actual damages for the period beginning on the date of service of such person's pleading setting forth a claim under the antitrust laws and ending on the date of judgment, or for any shorter period therein, if the court finds that the award of such interest for such period is just in the circumstances. In determining whether an award of interest under this section for any period is just in the circumstances, the court shall consider only—

(1) whether such person or the opposing party, or either party's representative, made motions or asserted claims or defenses so lacking in merit as to show that such party or representative acted intentionally for delay, or otherwise acted in bad faith;

(2) whether, in the course of the action involved, such person or the opposing party, or either party's representative, violated any applicable rule, statute, or court order providing for sanctions for dilatory behavior or otherwise providing for expeditious proceedings; and

(3) whether such person or the opposing party, or either party's representa-

tive, engaged in conduct primarily for the purpose of delaying the litigation or increasing the cost thereof.

15 U.S.C. § 15(a). Plaintiff maintains that defendants' refusal to acknowledge, throughout the pre-trial discovery proceedings, that they had special relationships with film distributors, evidences bad faith and an intent to delay the litigation. Plaintiff further argues that defendants' pre-trial conduct violated Fed.R.Civ.P. 11, 36 and 37. Defendants argue that all their responses during discovery were truthful and that they did not engage in dilatory conduct.

■ The court is not persuaded that defendants' conduct constituted bad faith. Defendants did vigorously defend this action at every step of the proceedings. Defendants were not sanctioned by the court at any time during the proceedings. The fact that the jury ultimately found against defendants does not alone establish that the defense was in bad faith. Nor is the court persuaded that defendants engaged in dilatory conduct. This case went from filing to trial on the merits within approximately 3 years. Given the complexity of this case this time period was reasonable. Both parties adhered to the stipulated discovery schedule and the case was ready for trial without delay. In light of all the circumstances present in this case, the court finds that plaintiff is not entitled to an award of prejudgment interest.

In accordance with the foregoing, the court denies plaintiff's motion for an award of prejudgment interest.

## V. MOTION FOR AN INJUNCTION

Plaintiff moves this court for an injunction prohibiting defendants from negotiating for the exhibition of first-run films on other than film-by-film, theater by theater basis. Plaintiff advances three reasons for the injunction: (1) SRO still owns 7 drive-in theaters in Washington; (2) defendants are capable of entering the first-run film exhibition at any time and their refusal to admit past violations makes future violations likely; and (3) defendants would suffer no

harm from the injunction and such relief would serve the public interest.

Defendants oppose the motion. Defendants argue that there is no factual foundation for a finding of any continuing antitrust violations. Defendants also argue that the court has already found that negotiation for films on something other than a theater by theater, film by film basis is not a *per se* antitrust violation, and therefore the court should not enjoin such future acts.

15 U.S.C. § 26 provides, in relevant part: Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws, including sections 13, 14, 18, and 19 of this title, when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings ...

The laws of the State of Washington provide for similar relief. RCW § 19.86.020. The relief in an antitrust case must be effective to redress the violations and to restore competition; a district court possesses large discretion to fit the decree to the special needs of the individual case. *Ford Motor Co. v. United States,* 405 U.S. 562, 573, 92 S.Ct. 1142, 1149, 31 L.Ed.2d 492, 501 (1971). 15 U.S.C. § 26 provides for "traditional principles of equity and authorizes injunctive relief upon the demonstration of 'threatened' injury." *Zenith Radio Corp. v. Hazeltine Research,* 395 U.S. 100, 130, 89 S.Ct. 1562, 1580, 23 L.Ed. 2d 129, 152 (1969).

■ The court finds that plaintiff has failed to demonstrate the threat of future injury. The evidence demonstrates that defendants are no longer in the theater business that was at issue in this litigation. The court is not persuaded that there is a likelihood that defendants will re-enter the business, at least not a likelihood sufficient

to justify the exercise of injunctive relief. Nor does the court find that the prior legal proceedings against defendants sufficiently probative of future conduct.

Plaintiff is seeking an injunction that would not have geographical limitations. Such an injunction would be improper, since the jury found only an antitrust violation in the Seattle area. Furthermore, plaintiff prevailed on only part of their claims. It would be improper for the court to enjoin conduct that the jury found did not violate the antitrust laws. In sum, the court finds that plaintiff has failed to demonstrate a sufficient legal and factual basis for an injunction.

In accordance with the foregoing, the court denies plaintiff's motion for an injunction.

## VI. FORM OF JUDGMENT

Both plaintiff and defendants disagree over what the proper form of judgment should be in this case. Plaintiff argues there should be two judgments, one indicating the damage award of the jury, and another judgment indicating an award of attorney's fees, costs and prejudgment interest. Defendants argue that one judgment is appropriate.

After reviewing the papers submitted by the parties and considering the oral arguments presented at the hearing, the court finds that the concerns of all the parties can be addressed by the court specifically delineating the effective dates of the awards for the purpose of the calculation of interest. The court will therefore enter one judgment stating the effective dates of any awards.

## VII. ORDER

In accordance with the foregoing, the court orders that:

(1) plaintiff is granted attorney's fees, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, in the amount of $2,931,061.38, with interest to run on that amount, from the date of the signing of this order, at a rate provided by 28 U.S.C. § 1961;

(2) plaintiff is granted costs, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, in the amount of $118,988.05, with interest to run on that amount, from the date of the signing of this order, at a rate provided by 28 U.S.C. § 1961;

(3) the court's judgment of November 4, 1987, as amended, is further amended to provide for judgment in favor of plaintiff and against defendants in the amount of $5,165,000.00, with interest to run on that amount from November 4, 1987 forward at 6.90% pursuant to 28 U.S.C. § 1961(a);

(4) plaintiff's motion for prejudgment interest is denied; and

(5) plaintiff's motion for an injunction is denied.